IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OAK ASSOCIATES, LTD., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS C. PALMER and | : | |
| RIDGLEA INVESTOR SERVICES, INC., | : | No. 05-4210 |
| Defendants. | : | |

## MEMORANDUM AND ORDER

**Schiller, J.**                                                                   February 7, 2006

On August 8, 2005, Plaintiff Oak Associates, *ltd*., filed a declaratory judgment action against Defendant Thomas C. Palmer, requesting that this Court declare that Plaintiff's use of the term "LIVE OAK" in connection with its mutual fund offerings does not infringe Palmer's trademark of the term "LIVE OAK." Subsequently, Palmer and Ridglea Investor Services, Inc. ("Ridglea"), the exclusive licensee of Palmer's "LIVE OAK" trademark, filed a trademark infringement lawsuit against Oak Associates in the Eastern District of Texas for, *inter alia*, infringement of the "LIVE OAK" mark. Presently before this Court is Oak Associates' motion to enjoin Palmer and Ridglea from pursuing the Texas action. For the reasons below, the Court grants the motion.[1]

---

[1] Plaintiff filed and served this motion on January 13, 2006. A response therefore was due on January 30, 2006. *See* E.D. PA. L.R. CIV. P. 7.1(c) (responses to motion due fourteen days after service of motion and brief); FED. R. CIV. P. 6(e) (responding party entitled to three additional days when motion served by mail). To date, Defendants have neither filed a response nor sought an extension of time to respond from the Court. Although the Court reaches the merits of the motion, as an alternate holding, the Court grants the motion as uncontested. *See* E.D. PA. L.R. CIV. P. 7.1(c).

**I.     BACKGROUND**

Oak Associates offers mutual funds, and consistent with the arboreal nature of its name, uses an oak tree nomenclature for its funds, including the White Oak Growth Stock Fund, the Pin Oak Aggressive Stock Fund, the Red Oak Technology Select Fund, the Black Oak Emerging Technology Fund, the Live Oak Health Sciences Fund, the Rock Oak Core Growth Fund, and the River Oak Discovery Fund. (Am. Compl. ¶ 6.) Since 1992, the company has offered at least one fund named after an oak tree. (*Id*. ¶¶ 6, 9.) The mutual fund in question, the Live Oak Health Services Fund, began operations on June 29, 2001. (*Id*. ¶ 10.) Since its inception, the fund has co-existed with Palmer's "LIVE OAK" mark without any reported customer confusion. (*Id*.)

Palmer resides in Texas and is the record title owner of a trademark registration, issued on February 15, 2000 by the United States Patent and Trademark Office, for "LIVE OAK" in connection with investment management and research. (*Id*. ¶ 7 & Ex. B [Copy of Trademark Registration].) Ridglea is a Texas corporation that owns the registration for an assumed business name in Texas for Live Oak Asset Management Inc. (*Id*. ¶ 8.) Palmer owns Ridglea, which is the exclusive licensee of the "LIVE OAK" mark. (*Id*.)

Plaintiff's Amended Complaint, filed on January 9, 2006, contains the following five counts: (1) declaration of non-infringement; (2) false designation of origin; (3) common law trademark infringement; (4) common law unfair competition; and (5) cancellation of trademark registration.[2] Furthermore, according to Oak Associates, Palmer has no current rights to the "LIVE OAK" mark

---

[2] The Amended Complaint also added Ridglea as a Defendant. Ridglea's addition to this case after the filing of the lawsuit in Texas is of no consequence. *See Advanta Corp. v. Visa U.S.A., Inc.*, Civ. A. No. 96-7940, 1997 U.S. Dist. LEXIS 2007, at *6-*7 (E.D. Pa. Feb. 19, 1997) ("The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute.").

and Ridglea's use of the mark began well after Oak Associates used the mark for its family of mutual funds. (*Id.* ¶ 17.) Oak Associates further asserts that Palmer's actual mark is for "LIVE OAK ASSET MANAGEMENT INC.," and there is no likelihood of confusion because the two marks are significantly different in their appearance and use in the marketplace. (*Id.* ¶¶ 17-18.)

Plaintiff's August 8th Complaint was the culmination of a string of correspondence between attorneys for the parties. Through these letters beginning on March 12, 2005, Palmer's attorneys informed Oak Associates that the use of the "LIVE OAK" mark "constitutes clear infringement of our client's mark" and demanded that "you and your company . . . immediately cease and desist from any further use of the mark LIVE OAK and any other mark confusingly similar thereto." (*Id.* ¶¶ 11-15 & Exs. B & C [Defs.' cease and desist letters].) The first letter to Oak Associates set a deadline of March 31, 2005 to meet Palmer's demands or he would "immediately pursue his rights aggressively without further demand or notice." (*Id.* Ex. B.) A subsequent letter set a deadline of July 27, 2005 to comply with Palmer's demands and stated that "there will be no more letters." (*Id.* Ex. C.) Shortly thereafter, on August 8, 2005, Oak Associates commenced litigation in this Court.

Palmer filed two motions to dismiss, arguing that venue was not proper in this District and that Palmer lacked the necessary minimum contacts with the forum for this Court to exercise personal jurisdiction over him. He also sought, in the alternative, to transfer this case to the Eastern District of Texas. On the same date that he filed his motions to dismiss, Palmer also filed an answer and counterclaims against Oak Associates, bringing claims for trademark infringement and unfair competition. This Court issued an Order denying Palmer's motions. (Order of Oct. 17, 2005.) Subsequently, the Court held a Rule 16 conference with attorneys for both parties and issued a scheduling order. (Order of Nov. 29, 2005.)

On September 15, 2005, while the motions to dismiss were pending, Palmer and Ridglea filed a lawsuit against Oak Associates in the Eastern District of Texas. The Texas lawsuit involves the same set of operative facts as the lawsuit pending before this Court. Palmer and Ridglea seek a declaratory judgment that the use of the mark "LIVE OAK" does not violate Oak Associates' rights. (Pl.'s Mot. to Enjoin Ex. A ¶¶ 13-15, 22 [E.D. Tex. Compl.].) Palmer and Ridglea also assert that Oak Associates is infringing the trademark and is liable for unfair competition. (*Id.* ¶¶ 16-19.) The Texas Complaint also maintains that this Court does not have personal jurisdiction over Palmer and that this District is an improper venue for the litigation. (*Id.* ¶ 11.) On December 16, 2005, within the time period prescribed by this Court's Scheduling Order, Oak Associates moved to add Ridglea as a Defendant. (Pl.'s Mot. to Amend Compl.) Palmer did not file a response, and the Court granted the motion to add Ridglea as uncontested shortly thereafter. (Order of Jan. 9, 2006.)

## II.  STANDARD OF REVIEW

Plaintiff's motion to enjoin requires the Court to apply the first-filed rule, which commands that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."[3] *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (citation omitted). Because the first-filed rule rests on equitable principles, the decision to apply the rule is committed to the sound discretion of the trial court. *See id.* at 977; *see also Stone Creek Mech., Inc. v. Carnes Co.*, Civ. A. No. 02-1907, 2002 U.S. Dist. LEXIS 20721, at *4 (E.D. Pa. Oct. 25, 2002). "Under this

---

[3] The first-filed rule applies to declaratory judgment actions. *See, e.g., UTI Corp. v. Plating Res., Inc.*, Civ. A. No. 99-253, 1999 U.S. Dist. LEXIS 6521, at *20 (E.D. Pa. May 7, 1999); *see also The Pep Boys-Manny, Moe & Jack v. Am. Waste Oil Servs. Corp.*, Civ. A. No. 96-7098, 1997 U.S. Dist. LEXIS 9089, at *16 (E.D. Pa. June 24, 1997).

standard, a court must act 'with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.'" *EEOC*, 850 F.2d at 977 (*quoting Langnes v. Green*, 282 U.S. 531, 541 (1931)).  The first-filed rule empowers a court to enjoin subsequent proceedings in another district court involving the same parties and issues that are pending before the first court.  *Id.* at 971 (*citing Triangle Conduit & Cable Co. v. Nat'l Elec. Prods. Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1942)); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1418 (2d ed. 1990).

**III.   DISCUSSION**

Because multiple district courts adjudicating the same controversy between the same parties would waste scarce judicial resources, the first court properly cognizant of the controversy should decide the issues before it.  Accordingly, the first-filed rule seeks to "avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments."  *EEOC*, 850 F.2d at 977.  Although the first-filed rule is firmly rooted in the Third Circuit, equity requires that a court employs a flexible approach in applying the rule, focusing on the particular circumstances presented. *See id.* (noting that first-filed rule "is not a rigid or inflexible rule to be mechanically applied"). While exceptions to the rule are rare, a district court may depart from the first-filed rule upon a showing of bad faith, inequitable conduct, extraordinary circumstances, or forum shopping.  *Id.* at 972, 976-77 (citations omitted); *see also Koresko v. Nationwide Life Ins. Co.*, Civ. A. No. 05-3800, 2005 U.S. Dist. LEXIS 31575, at *14 (E.D. Pa. Dec. 6, 2005) (courts may depart from first-filed rule if second-filed action is further along than first-filed or first-filed is anticipatory filing); *Am. Soc'y for Testing & Materials v. Corrpro Cos.*, 254 F. Supp. 2d 578, 580 (E.D. Pa. 2003).  As none of the

recognized exceptions to the first-filed rule apply here, the Court will not depart from the rule in this case.

The act of forum shopping is the selection of a court with an eye towards gaining an advantage based on the forum's favorable substantive law or the avoidance of unfavorable law in an alternate forum. *See Koresko*, 2005 U.S. Dist. LEXIS 31575, at *15 n.8; *see also EEOC*, 850 F.2d at 978. Selecting a forum based on convenience is not considered forum shopping. *See Koresko*, 2005 U.S. Dist. LEXIS 31575, at *15 n.8; *see also Eui Seob Kim v. Su Heon Kim*, 324 F. Supp. 2d 628, 636 (E.D. Pa. 2004) (finding that filing case in Eastern District of Pennsylvania for reasons of convenience is "a rather unexceptional circumstance that gives the Court no reason to depart from the first-filed rule."). "[T]o justify a disregard of the first-filed rule, forum shopping must be the sole reason for choosing one forum over another and thus will rarely be found where the first action was filed in a logical place." *Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson*, Civ. A. No. 99-3508, 1999 U.S. Dist. LEXIS 12137, at *10 (E.D. Pa. Aug. 5, 1999) (citations omitted).

Here, Plaintiff has not forum shopped. Plaintiff most likely filed this lawsuit in this District because the mutual fund at issue is distributed by a company in this District and Pennsylvania residents have invested approximately $36 million in Plaintiff's funds. (Am. Compl. ¶ 6.) Nothing in the record indicates that Plaintiff is avoiding unfavorable law in Texas or seeking refuge in the favorable law of Pennsylvania. Accordingly, Plaintiff's choice of forum is logical and need not be disturbed.

"Some evidence that a first-filed case was filed for the purpose of forum shopping or in bad faith is necessary before courts find it was improperly anticipatory, and therefore warranted a departure from the first-filed rule." *Koresko*, 2005 U.S. Dist. LEXIS 31575, at *21. The record here

lacks evidence suggesting that Plaintiff filed this lawsuit in anticipation of litigation. The letters between the parties as presented to the Court do not tell a tale of an anticipatory filing. Defendants' letters are laced with threats and demands, including the generic line commonplace in most cease and desist letters: the failure to capitulate to these demands will result in a lawsuit. But the mere fact that an entity in receipt of a cease and desist letter files a lawsuit does not render that lawsuit "anticipatory." The correspondence before the Court does not indicate that the parties were engaged in meaningful settlement discussions such that Defendants were duped into believing that the disagreement between the parties would be resolved amicably. *See HPF, LLC v. Nu Skin Enters., Inc.*, Civ. A. No. 99-1505, 1999 U.S. Dist. LEXIS 15200, at *6-*7 (E.D. Pa. Sept. 27, 1999) (citing cases in which courts refused to apply first-filed rule because negotiations were on-going).

Additionally, Plaintiff did not initiate litigation within a time frame during which Defendants pledged not to commence a court action. *See EEOC*, 850 F.2d at 977 (lawsuit filed three days prior to expiration of grace period deemed anticipatory); *see also FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 744 (E.D. Pa. 2005) ("[A] second-filing party may have a strong case that the initial filing was improper if the first-filing party initiated its suit within the response period provided in a recent cease-and-desist letter."). Plaintiff here did not fire the first shot while Defendants had holstered their litigation guns. Additionally, although Oak Associates failed to comply with two deadlines set almost four months apart, Defendants did not bring legal proceedings to enforce their trademark rights. Furthermore, even after Palmer was sued in this District on August 8, 2005, Defendants waited until September 15, 2005 to file a lawsuit in the Eastern District of Texas. These facts lead the Court to conclude that no race to the courthouse existed. The Court also notes that avoiding the proverbial race to the courthouse does not require that a party passively wait to be sued.

Like Defendants, Oak Associates is also entitled to a speedy and fair adjudication of its rights and obligations.

Finally, the action before this Court is significantly further along than the Texas proceedings. Dispositive motions are due in early April and a trial is scheduled for early June. In contrast, the only actions taken in the Eastern District of Texas are the filing and answering of the Complaint. Proceeding with the Texas litigation would waste the time and resources of the litigants and would allow for the possibility of conflicting judicial rulings.

### IV.    CONCLUSION

Absent any indication that Oak Associates acted in bad faith or engaged in forum shopping, the Court finds that no extraordinary circumstances warrant departure from the well-established first-filed rule. Accordingly, the Court enjoins Defendants from proceeding with their action in the Eastern District of Texas. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OAK ASSOCIATES, LTD., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS C. PALMER and | : | |
| RIDGLEA INVESTOR SERVICES, INC., | : | No. 05-4210 |
| Defendants. | : | |

### ORDER

**AND NOW**, this **7th** day of **February**, **2006**, upon consideration of Plaintiff's Motion to Enjoin Defendants, and for the foregoing reasons, it is hereby **ORDERED** that:

1. The motion (Document No. 25) is **GRANTED**.

2. Defendants are enjoined from proceeding with the litigation now pending in the Eastern District of Texas, Civ. A. No. 6:05-cv-00341-MHS.

3. Defendants are further prohibited from commencing any additional action involving the same parties and issues now before this Court.

BY THE COURT:

**Berle M. Schiller, J.**